UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLOBAL DIVING & SALVAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> F/V PREDATOR, INC., <br><br> Defendant. <br> _____ <br><br> F/V PREDATOR, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> COASTAL MARINE FUND, FEDERAL INSURANCE COMPANY THROUGH CHUBB GROUP, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, <br><br> Third-Party Defendants. | Case No. C06-5066FDB <br><br> ORDER STAYING CASE THROUGH JUNE 22, 2007 |

There has been no action in this case since the Court was advised by Mediator Gerard M. Shellan by letter of December 29, 2006 that this matter had been "settled as between the <u>Plaintiff</u> and the carrier" (underscoring in original). No documents have been filed with respect to the referenced

ORDER - 1

settlement, and it appears that the following insurance companies are still in the case and that these companies are cross-claimants with each other: Federal Insurance Company Through Chubb Group and Great American Insurance Company of New York. One unrepresented party is still listed on the docket: Third-Party Defendant Coastal Marine Fund.

In an effort to determine what the status of this case as well as well as the status of all the parties, a Joint Status Report was ordered on April 4, 2007, due to be filed no later than April 30, 2007.

On April 4, 2007, Great American Insurance Company moved to take the case off the calendar stating that all Predator's claims asserted against Federal Insurance Company and Great American were resolved at mediation and that Predator agreed to dismiss its claims in this action. Great American states that the parties have been trying to finalize the terms of a formal settlement agreement to be signed, and that, meanwhile, Great American is performing certain obligations that it agreed to under the settlement.

Third-Party Plaintiff F/V Predator , Inc. opposes Great American's motion stating that it has concerns that the settlement purportedly reached between the parties will never materialize and that taking this matter off the calendar will only result in further delay. Predator asserts that there is a dispute about what claims exactly Predator releases as part of the agreement and that Great American has demanded concessions not discussed at mediation.

Great American replies that it believes that all parties are working in good faith to formalize the agreement, and all that remains is that the agreement be formalized in writing. Great American asserts that the parties can reach a settlement in 30 days, and, if not, the parties will seek assistance by returning to Judge Shellan, who conducted the mediation and is conversant with the parties and the issues.

While the parties reached an agreement in December 2006, problems developed in memorializing the agreement. It may be that another session with the mediator will be necessary.

ORDER - 2

Accordingly, in order to foster the parties' ability to finally put their agreement in writing, the Court will grant additional time and stay action in this case for sixty days. Failure to reach agreement at the end of the sixty-day period will require that this case be put on a new case schedule for trial.

NOW, THEREFORE, IT IS ORDERED: This matter is STAYED through June 22, 2007 in order that the parties may memorialize their settlement agreement in writing and to afford them the opportunity of seeking the aid of Mediator Gerard Shellan, if necessary. The parties shall advise the Court by no later than June 25, 2007 whether the case between these parties may be dismissed or whether a new trial date must be set.

DATED this 16th day of April, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3