UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLOBAL DIVING & SALVAGE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F/V PREDATOR, INC.,<br><br>　　　　Defendant.<br>―――――――――――――――――――<br>F/V PREDATOR, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>COASTAL MARINE FUND, FEDERAL INSURANCE COMPANY THROUGH CHUBB GROUP, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Third-Party Defendants. | Case No. C06-5066FDB<br><br>ORDER LIFTING STAY and DENYING FEDERAL INSURANCE COMPANY'S MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT and SHOW CAUSE ORDER |

　　This cause of action arose when a vessel owned by F/V PREDATOR, the F/V MILKY WAY (the Vessel), sank in 2005 in a National Marine Sanctuary off the Washington coast. NOAA and the U.S. Coast Guard required the Owner (F/V PREDATOR) to remove the Vessel

　　All claims between Plaintiff Global Diving & Salvage, Inc. and Defendant F/V PREDATOR were dismissed by Stipulation and Order entered June 28, 2006 [Dkt. 10]; the Order did not alter F/V PREDATOR's claims against Third-Party Defendants.

　　A year later, on June 13, 2007, all claims between F/V PREDATOR and Third-Party Defendants (Coastal Marine Fund, Federal Insurance Company through Chubb Group, and Great

ORDER - 1

American Insurance Company of New York) were dismissed by a Stipulation and Order [Dkt. 38]. The Order further provided that (1) F/V PREDATOR may file a new action to pursue any claim after December 20, 2006 and that (2) the cross-claim rights between Federal Insurance Company (Federal,(also referred to as Chubb)) and Great American Insurance Company of New York (Great American) were not altered. Thus, the cross-claim between Federal and Great American remained, and these insurance companies were the only remaining parties in this case.

The first attempt to raise the Vessel failed and gave rise to Federal's assertion that Great American should have funded the first attempt or that it should have shared the cost 50/50 with Federal. Federal's assertion about cost sharing became moot at the second attempt to raise the vessel in the summer of 2007, as the policy limits of both Federal and Great American were exhausted after the second attempt. In September 2007, Federal inquired of F/V PREDATOR whether it should pay the balance of the policy limits to Great American (Great American had advanced funds to pay the costs of the second attempt to raise the Vessel). (Karlberg Declaration.) F/V PREDATOR responded that it saw no reason not to. (See p. 5 Great American's brief.) Federal, however, did not pay the remainder of its policy limits to Great American, stating later that F/V Predator instructed Federal not to repay Great American because F/V Predator was unhappy about the order in which Great American paid certain invoices.

Federal now moves to lift the stay in this case and to deposit funds into the Court's Registry in the manner of an interpleader, asserting that the funds are contested as between Great American and F/V PREDATOR, and asserting (1) that the remaining dispute arises out of the same common nucleus of operative facts as before, and (2) that the dispute sounds in maritime law because the rights and obligations of Great American's and Federal's maritime insurance contracts are at issue. Thus Federal argues that for purposes of judicial efficiency and fairness to all parties, this Court should exercise its inherent power to allow Predator to intervene with its claims or consolidate Predator's Complaint with the stayed action and issue a new case schedule.

ORDER - 2

All parties to this case have been dismissed, except for Cross Defendant Great American and Cross Plaintiff Federal. F/V PREDATOR retained its right to file a new cause of action to pursue any claims that arose after December 20, 2006. Although Federal indicated that Great American raises legitimate issues, Federal stated that F/V PREDATOR would join Great American, and the underlying justification for Federal's motion would be at issue. To date, there has been no such motion to join or briefing on the propriety of such joinder. Meanwhile, Great American has asserted its claim against Federal in an earlier state court action, and Great American argues that F/V PREDATOR has no claim against the funds that Federal suggests it should deposit into the registry of the court.

The Court agrees that there is no real controversy before this Court. While Federal's Cross Claim is still pending, it is, apparently, subject to dismissal as being moot, although no motion to dismiss the Cross Claim has been filed. The case being in this posture, Federal's motion to lift stay to deposit funds into the Court's registry must be denied.

**ACCORDINGLY, IT IS ORDERED**:

1. Federal Insurance Company's Motion To Lift Stay and For Leave To Deposit Funds into The Registry of The Court [ Dkt. # 41] is GRANTED as to lifting the stay and DENIED and to leave to deposit funds into the Court's Registry.

2. The stay in this matter is lifted, and Federal is ORDERED TO SHOW CAUSE by no later than March 14, 2008 why its Cross Claim against Great American should not be dismissed and this cause of action closed.

DATED this 7th day of March, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3